UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRYL L. BRYANT,               )
                                )
        Plaintiff,              )
                                )
v.                              )         No. 3-06-1121
                                )         Judge Campbell
JENNIFER CREWS, ET AL.,         )
                                )
        Defendants.             )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Lois M. DeBerry Special Needs Facility ("DeBerry") in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 naming the following defendants: 1) Jennifer crews, Metro Criminal Warrants Division; 2) David C. Torrence, Criminal Court Clerk; 3) Sheri Jenkins; 4) Elisha Gipson; 5) Bob Erwin; 6) Bobbie White; and 7) Gil Mathis. Defendants Jenkins, Gipson, Erwin, White, and Mathis are Tennessee Department of Correction (TDOC) employees. The plaintiff seeks to have two detainer warrants rescinded, and to recover money damages against the defendants.

The plaintiff asserts that he was granted parole in September of this year. (Complaint, ¶ IV, pp. 2-4)[1] He claims, however, that two detainer warrants for traffic violations were mistakenly filed against him by the Davidson County General Sessions Court, and that TDOC will not release him from custody because of those detainers. (Complaint, ¶ IV, pp. 1-3) According to the plaintiff, the offenses to which the detainer warrants pertain were previously adjudicated, but that the disposition of those offenses has not been communicated to TDOC. (Complaint, ¶ IV, pp. 1-3) The plaintiff

---

[1] The page numbers referred to in the statement of the claim are those numbers appearing in the lower right corner of each page beginning on page 6 of the form-complaint.

avers that his efforts to resolve the matter has been futile. (Complaint, ¶ IV, pp. 1-4)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The thrust of the plaintiff's complaint is that the allegedly invalid detainer warrants have resulted in his illegal confinement, and that the actions of the defendants have contributed to that illegal confinement. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). A state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct

2

appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus.* Heck, 512 U.S. at 486-87; *Ruff v. Runyon,* 258 F.3d 498, 502 (6th Cir. 2001).

Although the plaintiff has provided documentation that supports the conclusion that he has initiated action in state court in an effort to resolve the detainer warrants issue, because the issues surrounding those detainers have not been remedied by any of the procedures listed in *Heck,* the plaintiff is not entitled to relief under § 1983. Therefore, the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

*[signature: Todd Campbell]*

Todd Campbell
United States District Judge